1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BRYAN CAVE LEIGHTON PAISNER LLP**
Aileen M. Hunter, Cal. Bar No. 253162
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: (949) 223 7000
Facsimile: (949) 223 7100
E-Mail: aileen.hunter@bclplaw.com

*Attorneys for Defendant*
*Republic Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD KARIMI, on behalf of himself and a class of all others similarly situated,

            Plaintiff,

    v.

REPUBLIC SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,

            Defendant.

Case No. **'24 CV 1166 CAB BLM**

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT REPUBLIC SERVICES, INC. UNDER 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

**[DIVERSITY JURISDICTION]**

[Filed concurrently with Civil Cover Sheet; Defendant's Notice of Party with Financial Interest; and Declarations of Victoria Stazio, Adrienne W. Wilhoit, and Brittany Bergado-Nuñez]

Date Action Filed: May 24, 2024
Trial Date: Not set

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF MOHAMMAD KARIMI AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Republic Services, Inc. ("RSI" or "Defendant") hereby removes the above-captioned action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are set forth below:

## PROCEDURAL BACKGROUND

1.      On May 24, 2024, Plaintiff Mohammad Karimi ("Plaintiff"), on behalf of himself and all others similarly situated, filed a Class Action Complaint in the Superior Court of California, County of San Diego (the "State Court Action"), Case No. 37-2024-00024690-CU-BT-CTL. In addition to 10 unnamed "Does," RSI is the only named Defendant in the State Court Action.[1]

2.      Plaintiff seeks to certify a class consisting of similarly situated businesses that were "charged by Defendants for organic waste processing but not provided organic waste processing services at any time from and after January 1, 2023 through the date of trial in this action." [Compl., ¶ 15]

3.      Plaintiff asserts claims for: (1) violation of California's Unfair Competition Law under its "unfair" prong ("UCL"), Bus & Prof. Code §§ 17200, *et seq.*; (2) unjust enrichment; and (3) conversion. [Compl., ¶¶ 23–43]

---

[1]     RSI is not a proper party to this lawsuit. Allied Waste Systems, Inc. ("Allied") is the operating entity that contracted with the Plaintiff to provide organics services. On June 27, 2024, Plaintiff filed an Amendment to Complaint in the Superior Court of California, County of San Diego, substituting Allied as the properly named defendant to the State Court Action in place of the incorrectly named RSI. A true and correct copy of the Amendment to Complaint is attached hereto as "**Exhibit 7**". As of the date of filing, the Superior Court has not granted this Amendment. Once the Amendment to Complaint is granted, Defendant believes removal would be proper for Allied, as well.

- 2 -

1    4.    Plaintiff seeks certification of a class naming himself as representative

2    of the Class and his attorneys as Class Counsel to represent the Class members.

3    Moreover, Plaintiff seeks compensatory damages, prejudgment interest, restitution,

4    equitable monetary relief, and attorneys' fees, expenses, and costs of suit. *See id.*

5    **COMPLIANCE WITH STATUTORY REQUIREMENTS**

6    5.    The Complaint in the State Court Action was filed with the Clerk of the

7    Superior Court of California, County of San Diego on May 24, 2024.

8    6.    On June 5, 2024, Plaintiff served various documents that are attached

9    hereto. A true and correct copy of the Summons is attached hereto as "**Exhibit 1**". A

10   true and correct copy of the Complaint is attached hereto as "**Exhibit 2**". A true and

11   correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 3**". A true

12   and correct copy of the Notice of Case Management Conference is attached hereto

13   as "**Exhibit 4**". A true and correct copy of the Alternate Dispute Resolution (ADR)

14   Information is attached hereto as "**Exhibit 5**". A true and correct copy of the Proof

15   of Service of Summons is attached hereto as "**Exhibit 6**". This Notice of Removal is

16   being filed with this Court within 30 days after the Plaintiff's initial pleading setting

17   forth the claims for relief was served. *See* 15 U.S.C. § 1446(b)(1) (providing for

18   removal "30 days after the receipt by the defendant . . . of a copy of the initial

19   pleading").

20   7.    Promptly after filing this Notice of Removal, Defendant will provide

21   written notice of removal of this action to Plaintiff through his attorneys of record in

22   the State Court Action, and it will file a copy of this Notice of Removal and all other

23   necessary documents with the Clerk of the Superior Court of California, County of

24   San Diego in the State Court Action, as required by 28 U.S.C. § 1446(d). A copy of

25   Defendant's Notice to State Court and Adverse Party of Removal from State Court

26   to the United States District Court of the Southern District of California (without

27   exhibits) is attached to this Notice of Removal as "**Exhibit 8**".

28

8.    By removing the State Court Action to this Court, Defendant does not waive any defenses that are available under state or federal law.

## VENUE ASSIGNMENT

9.    Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint was filed in this District. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Southern District of California because Plaintiff filed this case in the Superior Court of California, County of San Diego.

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED UPON JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")). Federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more; and (3) "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (d)(5)(B). This is a putative class action. [*See e.g.*, Compl., ¶¶ 15–22] As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

## I.    PLAINTIFF AND DEFENDANT ARE CITIZENS OF DIFFERENT STATES

11.    In this matter, diversity of citizenship exists because Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2).

12.    Mohammad Karimi, the named Plaintiff, alleges that he is a resident of San Diego County, California. [Compl., ¶ 8] A person is a "citizen" of the state where he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place where he resides with the intention to remain. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus,

- 4 -

because Plaintiff is a resident of and operates a business located in San Diego—and no fact indicates otherwise—Plaintiff is a citizen of California.

13.     RSI, the named Defendant, is incorporated and organized under the laws of the State of Delaware with its principal place of business located in the State of Arizona. [*See* Ex. 9, Stazio Decl., ¶¶ 3–4] Thus, RSI is a citizen of Delaware and Arizona—but not California—for diversity-jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (recognizing that a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" (quoting 28 U.S.C. §1332(c)(1)) (internal quotation marks omitted) (quote deemphasized)).

14.     All other defendants listed in the caption are fictitious defendants who are ignored for the purposes of a diversity analysis. *See* 28 U.S.C. § 1441(b)(1).

15.     For minimal diversity to exist, one plaintiff must be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, the named Plaintiff is diverse from Defendant. The minimal diversity requirement is therefore satisfied.[2]

## II.    PLAINTIFF ALLEGES A PROPOSED CLASS THAT EXCEEDS 100 MEMBERS

16.     Based upon the allegations in the Complaint, the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B). In support of the size of its proposed class, Plaintiff alleges that Defendant has "thousands of customers that have paid or were charged fees for services that were never provided." [Compl., ¶ 18] Allegations in the Complaint, including the potential class size of "thousands" of members, may be relied upon by Defendant to demonstrate that there is plausibly a class of "at least 2,000" individuals. *Stoff v. Wells Fargo Bank, N.A.*, No. 3:21-cv-

---

[2]     As previously mentioned at footnote 1, Allied is the correct defendant because it is Allied, and not RSI, that contracted with the Plaintiff for various services. [*See* Ex. 9, ¶ 5] Allied is incorporated and organized under the laws of the State of Delaware with its principal place of business located in the State of Arizona. [Ex. 10, Wilhoit Decl., ¶¶ 3–4] Thus, substituting Allied as the correctly named defendant in place of RSI will not affect the diversity requirement.

00793-BEN-KSC, 2021 WL 5449036, at *5–7 (S.D. Cal. Nov. 22, 2021). Accordingly, the alleged number of putative class members is over 100 and, thus, this requirement is satisfied.

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

17.   Although Defendant concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, it is more than plausible that the amount of recovery sought by Plaintiff in this action exceeds $5,000,000 in compensatory damages, attorneys' fees, expenses, and other costs combined. *See, e.g.*, 28 U.S.C. § 1332(d)(2); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million.").[3]

18.   The amount in controversy "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). In other words, "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover" under the complaint. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). If the complaint "does not enumerate the putative class's claimed damages," the "removing defendant need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014)).

---

[3]   In alleging the amount in controversy for purposes of removal, Defendant does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that either Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Defendant concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative class.

19.  Plaintiff also seeks recovery of attorneys' fees in this putative class action, which are included in the amount in controversy for purposes of CAFA jurisdiction.[4]  *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.") (citation omitted). For 20 years, "the Ninth Circuit has set the 'benchmark for an attorneys' fee award in a successful class action [at] twenty-five percent of the entire common fund.'" *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 519 (N.D. Cal. 2020) (citation omitted), *aff'd*, 845 F. App'x 563 (9th Cir. 2021).

20.  Based upon the allegations contained in the Complaint, Defendant believes that the amount being sought by Plaintiff and the putative class exceeds $5,000,000 in potential damages and prospective attorneys' fees, costs, and other expenses of suit. [*See* Ex. 11, Bergado-Nuñez Decl., ¶ 6][5]

21.  This dispute therefore meets the minimum amount-in-controversy requirement for CAFA jurisdiction.[6]

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-captioned action to this Court from the Superior Court of California, County of San Diego.

---

[4]  Defendant does not concede or acknowledge in any way that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this case.
[5]  As previously mentioned at footnote 1, Allied is the correct defendant because it is Allied, and not RSI, that contracted with the Plaintiff for various services. [*See* Ex. 9, ¶ 5] Allied is a wholly owned subsidiary of RSI. [*Id.*, ¶ 5] As such, Defendant believes the amount in controversy exceeds $5,000,000. [Ex. 11, ¶ 6]
[6]  If challenged, Defendant reserves the right to offer additional evidence or information to establish the amount in controversy on all claims alleged in the Complaint. *See, e.g.*, *Harris*, 980 F.3d at 699.

Dated:        July 5, 2024            Respectfully submitted,

Aileen M. Hunter
BRYAN CAVE LEIGHTON PAISNER LLP


By:  */s/ Aileen M. Hunter*
        Aileen M. Hunter

*Attorneys for Defendant*
*Republic Services, Inc.*

- 8 -

**PROOF OF SERVICE**
CCP 1013a(3)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1920 Main Street, Suite 1000, Irvine, CA 92614. My email address is apameh.meyers@bclplaw.com.

On **July 5, 2024**, I caused the following document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT REPUBLIC SERVICES, INC. UNDER 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

to be served on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Isam C. Khoury | ***Attorneys for Plaintiff Mohammad Karimi*** |
| Michael D. Singer | Phone:   (619) 595-3001 |
| Marta Manus | Fax:       (619) 595-3000 |
| Cohelan Khoury & Singer | E-mail:   ikhoury@ckslaw.com; |
| 605 C Street, Ste. 200 | msinger@ckslaw.com; mmanus@ckslaw.com |
| San Diego, California 92101 | |

[☒] BY E-MAIL – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

☒ FEDERAL – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 5, 2024**, at Irvine, California.

_____
Apameh Meyers

USA.615338420.1/9K8

PROOF OF SERVICE